**SEARS, ROEBUCK & CO., Appellant,**

v.

**Vance HOUGH, Appellee.**

**No. 62.**

Court of Civil Appeals of Texas.
Houston (14th Dist.).

Nov. 22, 1967.

Rehearing Denied Dec. 13, 1967.

Perry Barber, Jr., John Held, Baker, Botts, Shepherd & Coates, Houston, for appellant.

O. Joseph Damiani, Houston, for appellee.

BARRON, Justice.

This is a products liability case.

Vance Hough, plaintiff in the trial court and appellee here, filed suit against Sears, Roebuck & Company for property damages to his home, which he alleges were proximately caused by a defective Kenmore washing machine which he purchased from Sears, Roebuck & Company.

Trial was to a jury which found: (1) that plaintiff relied on the written warranty that the washing machine was free from defects in material and workmanship when normal use was made of it; (2) the plaintiff relied upon an implied warranty that the washing machine was free from defects; (3) that the washing machine, from the time of delivery up to the time of the occasion in question, was not free from

such defects; (4) that such defect was a proximate cause of the damages to plaintiff's home; and (5) that the damages amounted to $849.77.

The trial court, on the verdict of the jury, rendered judgment in plaintiff's favor for $749.77, with interest and costs. The sum of $100.00 was deducted from the amount found by the jury, by agreement. From this judgment, Sears, Roebuck & Company has appealed.

Defendant did not file a motion for new trial, but it timely filed motion to disregard the jury's answers to each of the special issues, principally on the ground that there is no evidence to support their submission to the jury. The question of the sufficiency of the evidence is not before us. Specifically, the matter for this court's determination is whether there is any competent evidence in the record to support the jury's answer to Special Issue No. 3, the controlling issue.

The testimony shows that about January 10, 1965, Hough was notified by his daughter that his house was flooding. The washing machine was overflowing. Hough immediately went home, saw the water damage to his home and called the Sears store giving them a report of the incident. A representative of the seller came out to the house with a carpet man, presumably from Sears, and looked the damages over, but they did nothing. The following day, a man drove up in a Sears truck and identified himself as a Sears repairman. In the presence of Hough, the repairman slid the machine from the wall, took a little hose loose and looked at a series of valves. The man, whose name Hough does not recall, looked at the valve which had a screen over it and found sand from the water line. He told Hough that the sand had probably clogged up the water control valve. He removed the sand, hooked the machine up again and ran it through two cycles, at which time the washing machine apparently began to work properly. However, the washing machine, within a short time, overflowed again. Sears sent another repair-

man out to the Hough home. He drove a Sears truck and identified himself as a Sears employee. Hough was present when the second repairman, apparently one Harry Gazelas, who later admitted that he was employed by Sears, worked on the machine. Hough told him what had happened and Gazelas asked what the first repairman had done. After being told what the other man had done, Hough testified that Gazelas said, " * * * the man should have known better than that. He should have replaced that valve. We have had a lot of them hanging." Gazelas then, in the presence of Hough, took a new valve out of a little box. He replaced the old one and reset the machine for operation. Since that time, the testimony shows, no more trouble has been had with the washing machine, at least up to the time of the trial of this case on March 15, 1967. Most of the testimony was disputed by the defendant, Sears, Roebuck & Company.

In an appeal of this nature where "no evidence" is claimed by an appellant to support the issues as submitted, special issue No. 3 in this case, it is our duty to determine whether there is in this record any admissible evidence of probative force, direct or circumstantial, raising the pleaded controlling issue. Where the facts are controverted or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised. If that is so, we must affirm the judgment below. Olds v. Traylor, 180 S.W.2d 511 (Tex.Civ.App.), writ ref.

The Supreme Court has recently held that liability for physical harm or property damage can be based upon an implied warranty of suitableness. McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.Sup.1967); Franklin Serum Co. v. C. A. Hoover & Son, 418 S.W.2d 482 (Tex. Sup.1967). But those cases are not directly in point here. They deal with strict tort liability. Plaintiff concedes that his case involves a suit upon a written contractual warranty issued by Sears, to the effect that the washing machine was free from defects in material and workmanship. The warranty extended for a period of one year from date of purchase of the machine, November 5, 1964, and the warranty excludes any other or further warranty. The plaintiff's claim of the existence of an implied warranty of fitness, therefore, cannot be sustained. It is not necessary, however, that we reach the question. See 50 Tex.Jur.2d, p. 463, Sec. 155.

The defendant contends that the statements made to Hough while the repairman, Gazelas, was checking the washing machine and repairing it were not within the course and scope of the repairman's express or implied authority on behalf of Sears. It is further contended that said statements are hearsay conclusions on the part of the repairman, and whether objected to or not by defendant, they cannot support a judgment in favor of plaintiff by reason of the incompetence of such evidence. We sustain defendant's contention. As distinguished from a statement of fact by an employee of this type, his conclusion that, "He (the first repairman) should have replaced the valve. We have had a lot of them hanging" is purely a conclusion and is hearsay. Sears is not bound by such testimony, and the evidence is incompetent whether objected to or not. Aetna Ins. Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376, 379; Dallas Ry. & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377, 381. The testimony was inadmissible and amounts to no evidence. Rogers v. Collier, 223 S.W.2d 560 (Tex.Civ.App.), err. ref.; LeSage v. Pryor, 137 Tex. 455, 154 S.W.2d 446; Isaacs v. Plains Transport Co., 367 S.W.2d 152 (Tex.Sup.).

We are convinced, however, that there is testimony in the record and inferences therefrom, aside from the conclusions above mentioned, which require that we affirm the judgment below. The law is well settled in this State that the buyer of goods can recover damages sustained as a result of a breach of warranty, including

consequential damages which the seller should have contemplated as a probable result of the breach of warranty. St. Mary's Oil Engine Co. v. Allen-Morrow Co., 20 S.W.2d 266 (Tex.Civ.App.), no writ; Craftsman Glass, Inc. v. Cathey, 351 S.W.2d 950 (Tex.Civ.App.), no writ. As in this case, in a suit between the original parties to the contract and warranty, such a rule has long been well established.

■■■ The evidence shows that the washing machine was purchased on November 5, 1964. After approximately two months the machine overflowed, and the water damaged plaintiff's home. No trouble had been encountered with the machine between those dates. Plaintiff personally observed the first repairman disconnect the machine and remove a small amount of sand from the water control valve. The next day plaintiff personally observed the Sears repairman remove the valve and replace it with a new one. After that occasion, no trouble was ever detected in the washing machine again. The evidence is clear that the written one-year warranty was issued by Sears, and that it was delivered to Hough. We think it evident, resolving all inferences from the testimony in favor of plaintiff as we are required to do, that the washing machine was defective on January 10th and 11th, 1965, in that the above mentioned valve was defective, and that such defect proximately caused plaintiff's damages. Moreover, when the repairman replaced the valve, the machine worked properly and safely and has continued to do so. The jury had the right to infer from such testimony that the valve was defective, and that its replacement with a new one remedied the defect. There is some evidence, therefore, that the Kenmore home laundry washing machine was not free from defects and workmanship as Sears had warranted it to be. Special issue No. 3, dealing with such inquiry, was answered favorably for the plaintiff, Hough, by the jury. We hold that the issue is supported by some evidence. We have not considered the hearsay conclusions of the Sears repairman in reaching this decision.

The judgment of the trial court is affirmed.