Herman and Linda LAMBERT, d/b/a McAlester Mufflers, Appellants,

v.

GEARHART–OWEN INDUSTRIES, INC., d/b/a Go Wireline Services, Appellee.

No. 2378.

Court of Appeals of Texas, Corpus Christi.

Dec. 23, 1981.

Frank Steelman, Bryan, for appellants.

Joseph V. Crawford, Robert A. MacInnes, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order sustaining a plea of privilege. Appellants brought suit for property damages arising out of a motor vehicle accident involving a truck owned by appellee which occurred at appellants' automotive muffler repair shop in Bryan, Brazos County, Texas. Appellee, a domiciliary of Tarrant County, Texas, filed its plea of privilege to be sued in its home county. Appellants, by their controverting plea, sought to maintain venue in Brazos County by virtue of article 1995, subdivision 9a. The trial court, sitting without a jury, sustained the plea at the close of appellants' evidence.

Herman and Linda Lambert, d/b/a McAlester Mufflers, brought suit against Gearhart-Owen Industries, Inc., d/b/a Go Wireline Services, alleging that defendant's truck was defective when it was brought to the muffler shop for repairs. Plaintiffs alleged that defendant's truck did not contain motor support bolts, and this caused the motor to tear loose from the clutch linkage, and that this in turn caused the vehicle to race out of control. The truck was parked six to eight feet in front of the repair rack. Plaintiffs' employee stepped into the cab of the truck and began to drive the truck onto the ramp of the lift. The motor of the truck began to race, and the truck drove up the ramp across four lifts that were placed in front of this particular ramp and eventually crashed into an automobile owned by a customer of the plaintiffs. The evidence showed that the truck did not have motor mounts on the left side of the engine which bolt the engine to the frame. Plaintiffs alleged that the defendant truck owner was negligent in failing to maintain the vehicle and in failing to control a dangerous instrumentality.

■ Appellants, by their first point of error, argue that the evidence raises a sufficient inference of negligence against the defendant under the doctrine of *res ipsa loquitur*. A plaintiff is not entitled to invoke the *res ipsa* doctrine when he pleads specific acts of negligence and does not give the defendant fair notice in his pleadings that he intends to rely upon the doctrine. *Mobil Chemical v. Bell*, 517 S.W.2d 245, 254 (Tex.1974); *Brown Express Co., Inc. v. Burns*, 608 S.W.2d 291 (Tex.Civ.App.—Waco 1980, no writ). In the instant case, plaintiffs pleaded specific acts and omissions of negligence against the defendant. We do not agree with plaintiffs' contention that their pleading in the alternative that the damage was the result of defendant's failure to keep a potentially dangerous instrumentality under control was sufficient to give the appellee fair notice that plaintiffs intended to invoke the doctrine. The doctrine may not now be invoked on appeal to complain of the trial court's judgment.

■ Plaintiffs alternately complain that the trial court's findings on the negligence issue are against the great weight and preponderance of the evidence. In such a case, we must consider and weigh all the evidence to determine whether such findings are so against the weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ In order for the doctrine of *res ipsa loquitur* to apply, it must be shown that the negligent cause or instrumentality which produced the injury was under the exclusive control or management of the defendant. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245, 251 (Tex.1974); *T. L. Drilling Co. v. Northern Propane Gas Co.*, 516 S.W.2d 710, 715 (Tex.Civ.App.—Corpus Christi 1974, no writ). While the possibility of other causes does not have to be completely eliminated, their likelihood must be so reduced that the factfinder can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door. *Mobil Chemical Co.*, supra at 251.

■ In this case, the defendant's truck was driven by an employee of the plaintiffs at the time of the accident. This employee did not testify. Plaintiff Lambert testified he was not in the truck and had no way of

knowing what happened inside the truck at the time of the mishap. Further, he admitted it was possible that the employee's foot might have slipped off the clutch, causing the truck to jump forward causing the property damage. The evidence was sufficient for the trial court to find that the "control" necessary to invoke *res ipsa loquitur* was not established.

Even if plaintiffs had raised the doctrine of *res ipsa loquitur* by their pleadings or evidence, they waived the theory by failing to request additional findings of fact and conclusions of law in reference to the doctrine, when the trial court failed to include the same. See *Pinson v. Dreymala*, 320 S.W.2d 152, 156 (Tex.Civ.App.—Houston 1958, writ dism'd); 4 McDonald's Texas Civil Practice, § 16.09 at 25 (1971). This point of error is overruled.

In their second point of error, plaintiffs submit that the trial court erred in finding there were not specific acts of negligence sufficient to prove the required venue facts. In their fourth point, appellants claim the trial court erred in holding that defendant had no duty to warn plaintiffs of defective conditions. These points also apparently challenge the trial court's findings as against the great weight and preponderance of the evidence. Following the standard for such questions cited above, we have carefully reviewed the entire record and hold that the trial court's findings are not against the great weight and preponderance of the evidence.

Appellants contend further that the weight of the evidence shows that the defendant was negligent in its failure to warn plaintiffs of a dangerous condition of which defendant had knowledge. Assuming the court found there was a defect in the vehicle in question, it was not obligated to find that the defendant had or should have had knowledge of the same. The only evidence on this issue consisted of plaintiff Mrs. Lambert's hearsay testimony concerning an alleged post-accident statement of the defendant's driver. This employee allegedly claimed: "I knew there was something wrong with that truck. While I was driving down here, I almost couldn't stop, and I almost hit several cars." Such statement was clearly hearsay and incompetent, unless it fit some exception to the hearsay rule.

Plaintiffs submit the statement should be admissible as res gestae to the accident and as a declaration against interest. We disagree. To be admissible as res gestae, more properly termed "an excited utterance," a statement must be a spontaneous reaction to an exciting event. *Hartford Accident and Indemnity Co. v. Hale*, 400 S.W.2d 310, 311 (Tex.1966). Defendant's employee was not a witness to the accident, but arrived on the scene sometime later, after plaintiffs had reported the accident to defendant. Therefore, the statement could not have been an excited utterance. The statement could not qualify as a declaration against interest because the appellants made no attempt to show that the declarant was unavailable to testify and that the statement was against the declarant's pecuniary or proprietary interest. *Big Mack Trucking Co. v. Dickerson*, 497 S.W.2d 283, 290 (Tex.1973).

Further, the employee's claim of knowledge, "that something was wrong with the truck," is a conclusion, not a fact statement. Defendant could not be bound by the statement as an admission in light of the plaintiffs' failure to show that the alleged statement was made within the course and scope of the employee's express or implied authority. See *Sears, Roebuck and Co. v. Hough*, 421 S.W.2d 714, 716 (Tex. Civ.App.—Houston [14th Dist.] 1967, no writ).

Without competent evidence to show an essential element of appellant's theory, that appellee knew or should have known of a dangerous condition in its vehicle, the trial court could not find the defendant negligent in failing to warn plaintiffs. Appellants' second and fourth points of error are overruled.

By their third point of error, appellants complain of an alleged erroneous trial

court finding that appellant Herman Lambert was not an expert concerning internal combustion engines. We fail to discover any such finding in the judgment or among the written findings of fact or conclusions of law filed by the trial court. Further, we have found no objections to the findings or requests for a finding on this issue. Finally, we are of the opinion that such a finding is not necessary to support the judgment. Appellants' third point of error is without merit and is overruled.

The judgment of the trial court is AFFIRMED.