**Mary Jim GRAHAM et vir, Appellants,**

v.

**FED–X, INC., et al., Appellees.**

**No. 16578.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 20, 1964.

Rehearing Denied Dec. 18, 1964.

Joe E. Shaddock, Wichita Falls, for appellants.

Fillmore, Schaeffer & Fillmore, and Roy Schaeffer, Wichita Falls, for appellees.

RENFRO, Justice.

Suit was brought by Mary Jim Graham and husband against Fed-X, Inc., and Dr. Pepper Bottling Co., Inc., for damages for injuries sustained by Mrs. Graham when injured by a broken bottle in the Fed-X grocery store.

For convenience we refer to Mrs. Graham as plaintiff.

According to plaintiff's petition she was shopping in Fed-X store when a carton of soft drinks fell from a stack across the aisle

and behind plaintiff, and slivers of glass cut her leg.

She alleged that Fed-X and, alternatively, Dr. Pepper Bottling Company were guilty of the following acts of negligence in that they failed: (a) to keep cartons properly stacked; (b) to provide racks or firm foundation which would not rock or collapse; (c) to stack cartons far enough away from the counter on the opposite aisle; (d) to stack cartons so they would not fall from occasional jostling; (e) to stack so patrons would have to take cartons off top rather than lower levels. She alleged that they stacked the cartons so high as to constitute a menace to customer traffic. Plaintiff also invoked res ipsa loquitur.

Verdict was instructed for defendants.

■ It is not shown by the statement of facts that a Dr. Pepper bottle was involved, or that Dr. Pepper Company committed any act of negligence, or that it was in control of the bottle "pop" racks; hence, instructed verdict for said Company was undoubtedly proper.

Therefore we will hereinafter refer to Fed-X as defendant.

Plaintiff contends there was some evidence of negligence on the part of defendant and the court erred in refusing to submit the case to the jury.

Plaintiff testified the store is a big store; it is ½ block from the grocery department to the pharmacy department. She went down an aisle to the ice cream counter. While leaning over the ice cream counter "the bottles fell behind me" and a sliver of glass entered her leg. The bottles were stacked "one carton on top of each other, with no layer of protection in between them so far as I could tell. * * * it looked like just bottles stacked on a shelf." She did not notice what they looked like, and never did go back to look. As for the reason the bottles fell over, she answered, "I don't know. So far as I know, there was no one near them; they just fell." It is possible they were jostled from the "other side of the stack." She did not know what brand of bottle struck her. When she looked around after the bottle fell she saw a woman and a little boy two or three feet from the bottle stack.

Witness Brewer was an employee of the defendant at the time of the accident. He testified the soda pop was kept in a four foot wide aisle, on shelves, and was stacked about four feet high. Pliable plastic material as thick as a piece of paper was used to keep the cartons stable. "The way it was stacked, it was pretty well stable." Usually the "pop" men kept the racks stacked. All employees in that department were supposed to keep the pop bottles straight, it was no one person's particular job. Bottles had fallen or been knocked off before, but no one had ever been injured. The "pop" companies put the plastic strips between the levels of the soda pop. Dr. Pepper Company, the Coca-Cola people and one or two other companies used the same racks for display of their bottled "pop".

Plaintiff concedes that she could not show any specific act of negligence on the part of defendant, but argues that the evidence was such that the jury might have inferred from the circumstances that defendant was negligent in one or more of the pleaded acts of negligence.

In our opinion the evidence merely shows that an accident occurred.

■ The occurrence of an accident is not of itself evidence of negligence. Davis v. Castile, 257 S.W. 870 (Tex.Com.App., 1924); Phillips v. Citizens' Nat. Bank, 15 S.W.2d 550 (Tex.Com.App., 1929); Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W. 2d 195 (Tex.Com.App., 1937); Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791 (1955).

■ Negligence is never presumed as a fact, but must be proved by evidence; and the burden of proving it is on the party seeking a recovery of damages by reason of such negligence. Carter v. Simmons,

178 S.W.2d 743 (Waco Civ.App., 1944, no writ hist.); Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410 (1954).

 The evidence did not show any pleaded act of negligence on the part of defendant.

Nor was the evidence sufficient to invoke res ipsa loquitur.

 The doctrine of res ipsa loquitur applies only where the instrumentalities causing the injury are shown to have been wholly in the care of the defendant and not to have been meddled with by the person injured or third persons. 40 Tex.Jur.2d 677, § 148.

 It is shown by the evidence that the defendant was a serve-yourself store. Customers had free and easy access to the bottle racks and the aisle on each side of the racks. Several companies used the bottle stacks; and all the "pop" men stacked the racks. Another customer and her son were within two or three feet of the stack when plaintiff looked back immediately after the bottle fell.

The evidence did not show what caused the bottle to fall.

With so many people having equal access to the bottle racks it can hardly be said the bottles were in the sole and exclusive control of defendant.

It is just as probable that the bottle in question fell as a result of some act of another customer, another bottling company employee, or some other person having business in the store as it is that the bottle fell as a result of some unexplained negligence on the part of defendant.

Since the evidence fails to show that the injury could only have occurred by the negligence of defendant or its employees, agents or servants, it is insufficient to invoke the doctrine of res ipsa loquitur. Texas & Pacific Coal Co. v. Kowsikowsiki, 103 Tex.

173, 125 S.W. 3 (1910); Hodges Tire Co. v. Kemp, 334 S.W.2d 627 (Fort Worth Civ. App., 1960, no writ hist.); Longoria v. Violet Gin Co., 309 S.W.2d 484 (San Antonio Civ.App., 1958, ref., n. r. e.); Alley v. Texas Electric Service Co., 134 S.W.2d 762 (Eastland Civ.App., 1939, no writ hist.); Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659 (Tex.Com.App., 1935).

There being no evidence to support any specific acts of negligence, and plaintiff having failed to establish liability under the doctrine of res ipsa loquitur, the trial court did not err in instructing a verdict for defendant.

Judgment affirmed.