**D. F. THOMPSON, Appellant,**

v.

**Donnie THORESON, Appellee.**

No. 7740.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 9, 1967.

Rehearing Denied Dec. 11, 1967.

Lemon, Close & Atkinson, R. D. Lemon, Perryton, for appellant.

Linn & Helms and Richard N. Countiss, Spearman, for appellee.

DENTON, Chief Justice.

This is a suit for damages to a wheat crop destroyed by fire. Donnie Thoreson, the landowner, brought suit against D. F. Thompson, who was employed by Thoreson to harvest the wheat crop. In response to special issues, the jury found appellant's employee negligent and assessed the damages in the amount of $7380.00. From a judgment which awarded appellee this amount of damages, appellant appeals.

Appellant's first point of error complains of the error of the trial court in overruling his plea in abatement because appellee's insurance carrier, who had paid for some of the loss, was not a party to the suit either by name or by representation. In his disposition, appellee stated he had fire insurance on the wheat which was destroyed, but on instruction from counsel declined to reveal the name of the insurance company and the amount paid to him. Upon a hearing on the motion, outside the hearing of the jury, appellee testified for the first time that his insurance carrier was The Farm Bureau and that the carrier had in fact paid appellee $20.00 per acre for 90 acres of wheat or a total of $1800.00 for the loss he had sustained. The insurance policy was not available and appellee's counsel refused to stipulate the policy contained a standard subrogation clause.

Nothing in this record shows the insurance company was represented in this cause or that appellee was bringing the suit on behalf of the company to any extent. It is not shown the insurance company had notice of the suit nor does the judgment provide for any recovery by the said company.

Upon making payment of a portion of the loss to appellee, the insurance carrier became the owner pro tanto of the cause of action asserted by appellee against appellant. Wichita City Lines, Inc. v. Puckett, Tex.Civ.App., 288 S.W.2d 122, affirmed 156 Tex. 456, 295 S.W.2d 894. Morales v. Roddy (Tex.Civ.App.) 250 S.W. 2d 225. Magnolia Pipe Line Co. v. Security Union Insurance Company (Tex.Civ.App.) 37 S.W.2d 1062. Appellant had the right to have all parties who had an interest in the cause of action before the court. The failure to do so subjected appellant and his insurer to pay twice for the wheat loss and cost of another trial. We conclude the court erred in overruling appellant's plea in abatement.

Appellant's remaining points of error go to the law question of "no evidence" and the fact question of the insufficiency of the evidence to support the jury findings appellee's employee was negligent in starting the fire, and that such negligence was a proximate cause of appellee's loss. In considering these contentions we will adhere to the applicable rules set out in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. The jury found appellant's employee was negligent in driving appellant's truck over the wheat stubble on the occasion and that such negligence was a proximate cause of the fire. This was the only pleaded act of negligence on the part of appellant's employee. Res ipsa loquitur was not pleaded. Appellant, a "custom cutter" was employed by appellee to harvest his 1965 wheat crop. He was using two combines and two trucks to haul the wheat to an elevator. During the evening prior to the fire, appellant and appellee discussed the

danger of driving the trucks across the wheat stubble. Appellee either "warned" or suggested to appellant that this not be done. Appellant agreed and did instruct his drivers not to drive the trucks over the area where the wheat had been cut. This would require the wheat to be loaded onto the trucks at the respective ends of the wheat field. The following day, a fire started underneath one of appellant's trucks while it was in the stubble. The truck and 90 acres of uncut wheat were destroyed. Appellant was not present when the fire started and appellee was some 200 yards from the fire when he saw smoke and saw and heard the truck "blow up". Appellant and appellee were the only witnesses who testified during the trial. Appellant testified it was his "understanding" the fire started under the truck. There is no evidence how the fire started. The condition of the truck was not referred to and there is a total absence of evidence that the truck was inherently dangerous in starting fires. The fact both appellant and appellee agreed it was dangerous for a truck to drive across stubble is not evidence to show the fire started through the negligence of appellant's employee. The record fails to show how the fire started or how it could have started. There is no evidence upon which we can even speculate how it may have started.

 The mere happening of an accident is no evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195. Austin Bridge Co. v. Polanca (Tex.Civ.App.) 300 S.W.2d 173. Halliburton Oil Well Cementing Co. v. Groves (Tex.Civ.App.) 308 S.W.2d 919 (Ref. N.R.E.). Bart DeLatt & Associates, Inc. v. Knight, Tex.Civ.App., 369 S.W.2d 65. Neither negligence nor proximate cause will be presumed but must be proved. Graham v. Fed-X, Inc, (Tex.Civ.App.) 384 S. W.2d 785 (Ref. N.R.E.). Leatherwood Drilling Co. v. TXL Oil Corporation (Tex. Civ.App.) 379 S.W.2d 693 (Ref. N.R.E.).

There being no evidence that the fire was caused by any negligence traceable to appellant or his employees, either directly or indirectly, the appellee failed to sustain his burden of proof. Cobo v. Rodriguez (Tex.Civ.App.) 209 S.W. 196 (Writ Ref.)

The judgment of the trial court is reversed and rendered.