**Margarita TREJO, Appellant,**

v.

**LAREDO NATIONAL BANK, Appellee.**

**No. 04–04–00319–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 16, 2005.

Kimberly S. Keller, The Keller Group, San Antonio, for appellant.

Henry B. Gonzalez, III, M. Alex Nava, Davis, Cedillo & Mendoza, Inc., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

Margarita Trejo appeals the trial court's granting of two separate no-evidence summary judgments in favor of Laredo National Bank (LNB). Finding no error on the part of the trial court, we affirm the judgment.

### BACKGROUND

According to Margarita Trejo, on October 29, 2001, she attempted to make a deposit with LNB at its drive-through facility located in Laredo, Texas. As she reached for the outdoor teller's canister, the unit's automatic sliding door closed on her left hand and smashed her fingers. Trejo alleges that she notified a bank employee of the incident by pressing the "call" button on the teller machine and attempted to remove her hand. She ultimately pulled her hand out of the machine, reported the incident to the bank, and was

transported by a bank employee to a local doctor for medical attention.

On February 26, 2003, Trejo filed her First Amended Original Petition, asserting claims for negligence and premises liability. Trejo asserted the doctrine of res ipsa loquitur and sought exemplary damages. On November 3, 2003, Trejo filed her "Second" Amended Original Petition, alleging, in addition to her previous claims, that LNB negligently failed to assist her in a timely manner.[1]

On December 4, 2003, LNB filed its first No–Evidence Motion for Summary Judgment pursuant to Texas Rule of Civil Procedure 166a, contending there was no evidence to support Trejo's claims. After a hearing on January 9, 2004, the trial court granted in part and denied in part LNB's no-evidence motion for summary judgment, denying the motion on Trejo's failure to assist claim, but granting summary judgment on all other claims.

■ Trejo filed her Fourth and Fifth Amended Original Petitions on January 15th and 20th, respectively, alleging causes of action for negligent conduct of activity[2] and negligence in recalling the carrier when it was not safe to do so. Trejo also asserted the doctrine of res ipsa loquitur

and requested exemplary damages. On January 29, 2004, LNB filed its Second No–Evidence Motion for Summary Judgment. At the February 20th hearing, the trial court granted LNB's second no-evidence motion for summary judgment, dismissing Trejo's remaining claims. Trejo appeals the granting of summary judgment with respect to her negligence claims.[3] She does not, however, appeal the granting of summary judgment with respect to her premises liability claims.

### STANDARD OF REVIEW

A party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). After a no-evidence motion for summary judgment has been filed by one party, the burden then shifts to the respondent to produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *See S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). "To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out

---

1. The "Second" Amended Original Petition filed on November 3, 2003 was actually Trejo's third amended petition.

2. Trejo alleged that LNB "was conducting or permitting the customary use of the motor bank's carriers without proper maintenance and allowed the incident to occur on Defendant's premises." According to Trejo, LNB "failed to conduct such activity in a safe and reasonable manner, a manner which created or perpetuated a danger to Margarita Trejo and others, in that the carrier machine malfunctioned and assistance was not promptly provided."

3. In its brief, LNB argues that Trejo's allegations give rise to a premises liability claim, not a negligence claim and that Trejo "now

attempts to incorrectly cast her allegations as a negligence case." As emphasized by Trejo, however, LNB did not bring this argument in a motion before the trial court. Instead, it filed a no-evidence motion for summary judgment, simply arguing that there was no evidence to support Trejo's negligence claims. It did not argue that Trejo's simple negligence claims were improperly brought because they were, in fact, premises liability claims. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979) (in granting a summary judgment, the trial court is confined to the specific grounds set forth in the motion). As such, we cannot consider whether Trejo's claims are in fact improper.

evidence that raises a fact issue on the challenged elements." Tex.R. Civ. P. 166a cmt. However, the respondent must present some summary judgment evidence raising a genuine issue of material fact on the elements attacked. *See* Tex.R. Civ. P. 166a(i).

A no-evidence summary judgment is equivalent to a pretrial directed verdict and is reviewed for legal sufficiency. *See Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied). A no-evidence motion is improperly granted if the respondent presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *See id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997)). When, as here, the trial court does not specify the grounds for its ruling, summary judgment will be affirmed if any of the theories advanced are meritorious. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

## DISCUSSION

### A. Res Ipsa Loquitur

According to Trejo, the trial court erroneously granted summary judgment because under the doctrine of *res ipsa loquitur*, negligence is inferred in this case. *Res ipsa loquitur*, meaning "the thing speaks for itself," is used "in certain *limited* types of cases when the circumstances surrounding the accident constitute sufficient evidence of the defendant's negligence to support such a finding." *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex.1990) (emphasis added).[4] "Only in

extraordinary circumstances does the mere occurrence of an accident so strongly compel a conclusion that the defendant was negligent that a jury could not reasonably find otherwise." *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 252 (Tex.1974).

The doctrine of *res ipsa loquitur* is applicable only when the following two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury was under the exclusive management and control of the defendant. *Haddock*, 793 S.W.2d at 950; *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex.1989); *Mobil Chem.*, 517 S.W.2d at 251. To rely on the doctrine, the plaintiff must produce evidence from which the jury can conclude, by a preponderance of the evidence, that both the "type of accident" and "control" factors are present. *Mobil Chem.*, 517 S.W.2d at 252; *Lucas v. Titus County Hosp. Dist.*, 964 S.W.2d 144, 155 (Tex. App.-Texarkana 1998, pet. denied); *Soto v. Tex. Indus., Inc.*, 820 S.W.2d 217, 219 (Tex.App.-Fort Worth 1991, no writ).

This is not so much a rule of law as it is a rule of logic—unless these factors are present, the jury cannot reasonably infer from the circumstances of the accident that the defendant was negligent. In a great many cases the plaintiff can rely upon general knowledge to prove the accident in question is the type of accident which does not ordinarily happen in the absence of negligence. However, expert testimony on this factor is clearly admissible and may be necessary to the plaintiff's case. The plaintiff must also prove that the instrumentality was under the management and control of the defendant. As previously discussed, this factor must be interpreted

---

4. The doctrine of *res ipsa loquitur* is not a separate cause of action, but rather a rule of evidence by which negligence may be inferred by the jury. *Haddock,* 793 S.W.2d at 950.

in the factual setting of each case. Disputes may arise as to what instrumentality caused the injury, when the negligence, if any, occurred, and who was in control at the time. In any event, the plaintiff must produce evidence from which the jury can reasonably conclude that the negligence, if any, is attributable to the defendant.

*Mobil Chem.*, 517 S.W.2d at 252 (citations omitted).

■■■ Inherent in the "control" factor is the requirement that the defendant be proved to have some causal connection with the plaintiff's injury. *Gaulding*, 772 S.W.2d at 68. Although the possibility of other causes does not have to be completely eliminated, their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door. *Mobil*, 517 S.W.2d at 251. Thus, the occurrence of an accident is not of itself evidence of negligence. *Graham v. Fed–X, Inc.*, 384 S.W.2d 785, 786 (Tex. Civ.App.-Fort Worth 1964, writ ref'd n.r.e.). The doctrine of *res ispa loquitur* applies only where the instrumentalities causing the injury are shown to have been wholly in the care of the defendant and not to have been meddled with by the person injured or third parties. *Id.* at 787.

■■■ Here, Trejo argues that because there is evidence that LNB owned and controlled the teller machine, the doctrine of *res ipsa loquitur* applies. While we agree that there is evidence that LNB owned and operated the teller machine, Trejo did not present evidence that the teller machine was under LNB's exclusive management and control; that is, she did not present evidence that the teller machine could not have been tampered with or meddled with by Trejo, herself, or a member of the public. In fact, it is undisputed that the teller machine was in a public area and was easily accessible to the public; as such, it could have easily been tampered or meddled with by any member of the public. *See Lucas*, 964 S.W.2d at 157 (holding that doctrine of *res ipsa loquitur* did not apply because "the chair was in a public waiting area, it is possible that someone other than the hospital broke the recliner before [the plaintiff] fell, if it was broken at that time"); *Graham*, 384 S.W.2d at 787 (holding that doctrine did not apply to an accident caused by a bottle falling off a store shelf because so many people had "equal access to the bottle racks" that it was "just as probable that the bottle in question fell as a result of some act of another customer, another bottling company employee, or some other person having business in the store as it is that the bottle fell as a result of some unexplained negligence on the part of the defendant"). Thus, given the evidence presented, it is not reasonable to conclude that because the machine allegedly malfunctioned, LNB must be negligent. Because there is no evidence that the teller machine was under the exclusive management and control of LNB, the doctrine of *res ipsa loquitur* does not apply.

### B. First No–Evidence Motion for Summary Judgment

■■■ Trejo argues that the trial court should not have partially granted LNB's first no-evidence motion for summary judgment on her negligence claims.[5] In support, Trejo points to her deposition testimony in which she testified that her hand became stuck in the machine, and even

---

5. The trial court granted summary judgment on all claims except Trejo's negligence claim based on LNB's alleged failure to assist her.

though she notified LNB employees, no one came to help her. And, she argues that LNB owed Trejo a duty because it undertook the duty by providing a teller machine. However, Trejo has not pointed to any evidence which would show a breach of those duties.[6] As such, we hold that the trial court committed no error in entering summary judgment on those negligence claims.

Moreover, with respect to Trejo's failure to warn claim, Trejo points to photographs attached to her second response which she claims are "photographs showing the teller machine in question [without warnings] and showing a similar teller machine containing warnings." First, we note that these photographs were not attached to Trejo's response to LNB's first no-evidence motion for summary judgment; they were attached to Trejo's response to LNB's *second* no-evidence motion.[7] As such, the photographs were not before the trial court when it partially granted LNB's first no-evidence motion for summary judgment.

■■■ Second, even if the photographs had been properly attached to Trejo's response to LNB's first motion, they are substantively defective and are not competent summary judgment evidence. A defect is substantive if the evidence is incompetent, and it is formal if the evidence is competent but inadmissible.

*Mathis v. Bocell,* 982 S.W.2d 52, 60 (Tex. App.-Houston [1st Dist.] 1998, no pet.). Formal defects in summary judgment evidence may be waived by failure to object, and if waived, the evidence is considered. *Mathis,* 982 S.W.2d at 60. Substantive defects are never waived because the evidence is incompetent and cannot be considered under any circumstances. *Mathis,* 982 S.W.2d at 60.

■■ Here, the photographs are substantively defective. Trejo points to nothing in the record that identifies the first teller machine shown in the pictures as the teller machine used by Trejo or that it depicts the teller machine in the same condition as it was on the day of the accident. Trejo also does not point to anything in the record that identifies the other photographs as a teller machine owned by LNB with warning signs. Instead, the exhibits are merely photographs of teller machines which could have been owned by anyone and taken anytime, and as such, are substantively defective and are not competent summary judgment evidence. Trejo argues that LNB waived any defect by not obtaining a ruling on its objections. However, a party need not object to substantive defects.

Thus, we cannot find any error on the part of the trial court with respect to its order on LNB's first no-evidence motion for summary judgment.

---

**6.** As an appellate court, we are not required to search the record for a scintilla of evidence of such a breach without more specific guidance. *Blake v. Intco Invs. of Tex., Inc.,* 123 S.W.3d 521, 525 (Tex.App.-San Antonio 2003, no pet.).

**7.** In Trejo's second amended original petition (which was actually her third amended petition), she alleged that LNB was negligent for "failing to have warning signs attached thereto for the purpose of its clients' best interest and safety." In its *first* no-evidence motion for summary judgment, LNB argued that there was (1) no evidence that it "owed a duty to [Trejo] to have warning signs attached thereto for the purpose of its clients' best interest and safety," and (2) no evidence that it breached a duty by failing "to have warning signs attached thereto for the purpose of its clients' best interest and safety." Thus, in partially granting LNB's first no-evidence motion for summary judgment, the trial court dismissed Trejo's claim based on LNB's alleged negligence for failing to have warning signs attached to the teller machines.

### C. Second No–Evidence Motion for Summary Judgment

In its second no-evidence motion for summary judgment, LNB argued that there was no evidence of causation or damages with respect to Trejo's claims for negligent activity, negligence for recalling the carrier when it was not safe to do so, and negligence for failing to assist her. Because we hold that (1) Trejo's response with respect to her medical records was insufficient, and (2) Trejo's affidavit is not evidence that she suffered damages, we can find no error on the part of the trial court in granting LNB's second no-evidence motion for summary judgment.

According to the comment to Rule 166a, to defeat a no-evidence motion for summary judgment, a respondent need not marshal its proof; however, it must "point out evidence that raises a fact issue on the challenged elements." TEX.R. CIV. P. 166a cmt. A trial court is "not required to search the record for evidence raising a material fact issue without more specific guidance from [the respondent]." *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex.App.-San Antonio 2003, no pet.).

In its second no-evidence motion for summary judgment, LNB argued that Trejo did not suffer an injury as a result of the alleged accident. In her response to LNB's second motion, Trejo stated the following:

> As a result of her hand being crushed she suffered injuries to her fingers on her left hand and was transported by an employee of [LNB] to Dr. Arturo Garza–Gongora's clinic. [Trejo] was diagnosed with crush injury to second, third and fourth fingers. Furthermore, [Trejo] was diagnosed with RSD by Doctor Joseph P. Camero. She is currently [being] treat[ed][by] Doctor Sued with Laredo Pain Management. Please see Exhibits D, E, F, G, H, I, J, and K.[8]

These exhibits are medical records that encompass over three hundred and ninety-five pages. The trial court was simply not required to sift through over three hundred and ninety-five pages of exhibits, looking for evidence to support Trejo's injury.

Even though when discussing her injury in her second response, Trejo did not refer to her affidavit, we note that she did attach her affidavit to her response. However, because her affidavit is conclusory, it is not competent summary judgment evidence to support her injury.

Conclusory affidavits do not raise fact issues. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex.1996). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex.App.-Texarkana 2000, no pet.); *accord Choctaw Prop., LLC v. Aledo ISD*, 127 S.W.3d 235, 243 (Tex.App.-Waco 2003, no pet.); *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

In her affidavit, Trejo affirms the following:

> My name is Margarita Trejo. I am over 18 years of age, of sound mind and fully competent to make this affidavit. I have personal knowledge of the facts herein stated and they are all true and correct. I would not have suffered severe injuries, had it not been for the carrier machine crushing my hand and the failure of the bank teller to assist me.

At the time of the second no-evidence motion for summary judgment, Trejo's

---

8. This quoted language is the only time in her responses that Trejo refers to her alleged injury.

fifth amended petition alleged claims based on LNB's negligent activity and LNB's negligence for recalling the carrier when it was not safe to do so. Additionally, Trejo alleged negligence for LNB's failure to assist her. Assuming that LNB had a duty to assist Trejo, under this separate and independent negligence claim, Trejo must show that she suffered further injuries as a result of LNB's failure to assist her. *See Rains v. Heldenfels Bros.*, 443 S.W.2d 280, 295 (Tex.Civ.App.-Corpus Christi 1969, writ ref'd n.r.e.) (holding that when a defendant has a duty to render reasonable assistance, he is "liable only for those further damages chargeable to his failure to render needed assistance").

██ Trejo's affidavit, however, does not set forth facts supporting what "severe injuries" she allegedly suffered from. the first act of the teller machine closing on her hand and how her injuries were exacerbated by LNB's alleged failure to assist her. Instead, the affidavit merely concludes that she would not have suffered severe injuries but for the teller machine "crushing" her hand and LNB's failure to assist her. Because Trejo's affidavit merely makes a conclusion instead of setting forth facts in support of the conclusion, it is conclusory.[9]

### CONCLUSION

For the reasons above, we affirm the judgment of the trial court.

---

9. Trejo argues that LNB has waived any objection it had to her affidavit because LNB did not secure a trial court's ruling on its objections. However, because Trejo's affidavit is conclusory, LNB did not need to object or secure a ruling. A conclusory statement in an affidavit is a defect in substance rather than a defect in form and is therefore not waivable. *Moritz v. Bueche*, 980 S.W.2d 849, 854 (Tex.App.-San Antonio 1998, no pet.); *accord Stewart v. Sanmina Texas L.P.*, 156 S.W.3d 198, 207 (Tex.App.-Dallas 2005, no pet. h.); *Progressive County Mut. Ins. Co. v. Carway*, 951 S.W.2d 108, 117 (Tex.App.-Houston [14th Dist.] 1997, writ denied); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.03[6][b] (3d ed.2004).