COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-444-CV

DENI L. LUKE APPELLANT

V.

UNIFUND CCR PARTNERS APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Deni L. Luke appeals the trial court’s grant of summary judgment in favor of appellee Unifund CCR Partners.  We reverse and remand.

BACKGROUND

Appellee sued Appellant in 2005 for default in payment on her credit card account (the “Account”), which it claimed to have acquired from Appellant’s previous creditor.  It contended that Appellant’s default breached the account agreement such that the Account’s total balance of $23,596.60 was due, that Appellee made a timely demand for Appellant to pay the amount due, and that Appellant failed to do so.

Appellee included requests for admissions and for disclosures in its petition.
(footnote: 2)  Appellant did not respond to this request for admissions.
(footnote: 3)  She filed a general denial.
(footnote: 4)  Appellee moved for summary judgment and attached various affidavits and other documentation to support its motion.  In her late-filed response, Appellant objected to some of Appellee’s evidence and contended that Appellee was not entitled to summary judgment on its contract, account stated, or quantum meruit claims, or to attorney’s fees,
(footnote: 5) but she did not file a motion to withdraw or amend the admissions deemed admitted from Appellee’s petition.  
See
 
Tex. R. Civ. P. 
198.3.  The trial court granted summary judgment, awarding Appellee $22,938.87 as the “principal amount awarded,” “interest on principal awarded” of 29.74%, attorney’s fees of $3,500, and conditional attorney’s fees of $3,500.00.

SUMMARY JUDGMENT

In a single issue, Appellant argues that the trial court erred by granting summary judgment for Appellee, complaining that Appellee was not entitled to summary judgment based on the deemed admissions and that the trial court erred by overruling her objections to the Angela Freckman and Kim Kenney affidavits.  She also contends that the affidavit submitted by Sandra Rogers was substantively defective and that Appellee was not entitled to summary judgment based on the theories in its petition, nor was Appellee entitled to attorney’s fees. 

Standard Of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P. 
166a(c); 
Sw. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth
., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co.
, 73 S.W.3d at 215.

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.  
See
 
Tex. R. Civ. P
. 166a(a), (c); 
MMP, Ltd. v. Jones
, 710 S.W.2d 59, 60 (Tex. 1986).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  
IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
, 143 S.W.3d 794, 798 (Tex. 2004).  Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

Deemed Admissions

When a party fails to answer a request for admissions, the matters therein are deemed admitted. 
 Tex. R. Civ. P. 
198.2(c).  Such admissions are “conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission.”  
Tex. R. Civ. P. 
198.3.  The court may permit a party to withdraw deemed admissions if the party shows good cause for the withdrawal and the court finds that the parties relying on the admissions will not be unduly prejudiced and the presentation of the merits of the action will be subserved by the withdrawal.  
Id
.  Appellant never filed a motion to withdraw or to amend the deemed admissions in Appellee’s first request for admissions.

Admissions of fact on file at the time of a summary judgment hearing are proper summary judgment proof and thus will support a motion for summary judgment.  
Tex. R. Civ. P. 
166a(c); 
See Acevedo v. Comm’n For Lawyer Discipline
, 131 S.W.3d 99, 105 (Tex. App.—San Antonio 2004, pet. denied); 
CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia
, 108 S.W.3d 464, 466 (Tex. App.—Houston [14th Dist.] 2003, no pet.).  While answers constituting admissions of law are not binding on a court, a request for admission may properly ask a party to apply the law to a set of facts.  
See
 
Tex. R. Civ. P
. 198.1; 
Duong v. Bank One, N.A.
, 169 S.W.3d 246, 251 (Tex. App.—Fort Worth 2005, no pet.).  Answers to these types of requests are competent summary judgment evidence.
  See Duong
, 169 S.W.3d at 251.

Appellant contends that her responses to Appellee’s second request for admissions, attached as an exhibit to Appellee’s motion for summary judgment, effectively negated Appellee’s ability to rely on the deemed admissions from Appellee’s first request for admissions.
(footnote: 6)  
We disagree.  We have held that admissions, once made or deemed by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits.  
See Smith v. Home Indem. Co.
, 683 S.W.2d 559, 562 (Tex. App.—Fort Worth 1985, no writ)
.  Denials to requests for admissions are not summary judgment evidence.  
Americana Motel, Inc. v. Johnson
, 610 S.W.2d 143, 143 (Tex. 1980); 
Denton Constr. Co. v. Mike’s Elec. Co.
, 621 S.W.2d 846, 848 (Tex. App.—Fort Worth 1981, writ ref’d n.r.e.).  When an answering party denies or refuses to make an admission of fact, such refusal is nothing more than a refusal to admit a fact; it is not evidence of any fact except the fact of refusal.  
See Newman v. Utica Nat. Ins. Co. of Tex
., 868 S.W.2d 5, 8 (Tex. App.—Houston [1st Dist.] 1993, writ denied); 
Am. Commc’n Telecomm., Inc. v. Commerce N. Bank
, 691 S.W.2d 44, 48 (Tex. App.—San Antonio 1985, writ ref’d n.r.e.); 
Carbonit Houston, Inc. v. Exchange Bank
, 628 S.W.2d 826, 829 (Tex. App.—Houston [14th Dist.] 1982, writ ref’d n.r.e.).

Appellant, although represented by counsel, ignored Appellee’s first request for admissions and they went unanswered, without a motion to extend time for answering, or any other limiting motion, right through the summary judgment hearing.  Neither did Appellant ever move the court to withdraw or amend the admissions.  Therefore, those statements in the first request for admissions were deemed admitted.  
See
 Tex. R. Civ. P. 
198.  Having already admitted the twenty-nine statements contained in the first request for admissions by failing to respond, Appellant’s subsequent denials in the second request for admissions containing sixty-one statements, even though some were the same or similar to the initial request for admissions, had no effect on her original admissions.  
See Newman
, 868 S.W.2d at 8; 
cf. Wheeler v. Green
, 157 S.W.3d 439, 441-42, 444 (Tex. 2005) (holding that, when nothing in the record suggested that pro se mother realized that she needed to move to withdraw deemed admissions before trial court granted summary judgment in suit to modify her child’s managing conservatorship, the trial court should have granted a new trial and allowed the deemed admissions to be withdrawn when her responses to the request for admissions were two days late).  We overrule this portion of Appellant’s sole issue.

Material Facts

The first request for admissions stated the following: 

(1) [Appellee] (or [Appellee’s] predecessor) offered an extension of credit to [Appellant] in exchange for [Appellant’s] promise to repay money lent. 

(2) Based on [Appellant’s] request, [Appellee] (or [Appellee’s] predecessor) opened the account.

(3) [Appellee] is the owner of the indebtedness on the account.

(4) [Appellee] (or [Appellee’s] predecessor in interest) and [Appellant] entered into an agreement to create a charge agreement for credit.

(5) [Appellant] has understood from the time the account was opened that [Appellee’s] predecessor in interest made a loan on behalf of [Appellant] for the amount requested.

(6) [Appellant] has understood from the time the account was opened that [Appellant] is required and obligated to repay all charges or fees incurred on the account.

(7) [Appellant] purchased goods and services and/or services using the credit provided by [Appellee’s] predecessor in interest.

(8) [Appellant] made payments on the account.

(9) After the account was opened, [Appellant] received monthly statements showing the remaining balance on the account, along with the minimum monthly payment required.

(10) Since the account was opened, [Appellant] has not notified [Appellee] (or [Appellee’s] predecessor in interest) of a dispute or error regarding any information contained in a monthly statement.

(11) [Appellant] presently owes [Appellee] the amount of $23,596.60.

(12) The attached statement accurately states the amount of money that [Appellant] owes to [Appellee] on the account

(13) [Appellant] has breached [Appellant’s] contract with [Appellee] (or [Appellee’s] predecessor in interest).

(14) [Appellant’s] breach has damaged [Appellee] in the amount of $23,596.60. 

(15) [Appellee] made demand on [Appellant] before filing suit, for payment of the outstanding balance due at that time.

(16) You received a demand letter from [Appellee] or [Appellee’s] predecessor in interest or [Appellee’s] attorneys for payment of the account.

(17) At no time prior to the filing of this suit did [Appellant] or [Appellant’s] representative request verification of the debt from [Appellee] or its agents.

(18) At no time prior to the filing of this suit did [Appellant] or [Appellant’s] representative dispute the debt owing on the account.

(19) [Appellant] is not a member of any military service with assignments or orders that would give [Appellant] a right to delay under the law.

(20) [Appellant] has no defense to this suit, and judgment should be granted as prayed for.

(21) At least [sic] should be awarded to [Appellee] as attorney’s fees in this suit.

(22) The contractual interest rate of at least 18% per year was agreed to by [Appellee] and [Appellant].

(23) The “Unifund Statement” attached hereto is a true and correct copy of the business record maintained by [Appellee].

(24) The account summary statement attached hereto is a true and correct copy of the business record maintained by [Appellee].

(25) By the terms of the agreement, [Appellee] is entitled to charge [Appellant] late fees if [Appellant’s] monthly payments are late.

(26) The collection of any fees, charges, or expenses is expressly authorized by [Appellant’s] agreement with [Appellee] (or [Appellee’s] predecessor).

(27) [Appellee] and [Appellee’s] predecessor in interest ha[ve] applied all just and lawful offsets to the account.

(28) If [Appellant] or [Appellant’s] representatives requested verification of the debt from [Appellee], [Appellee] verified the debt prior to filing this lawsuit.

(29) [Appellee] or [Appellee’s] predecessor in interest performed the terms, conditions and actions required under and described in the [Appellant’s] agreement with [Appellee].

Attached to Appellee’s petition, along with an affidavit by Kim Kenney, is a document titled “UNIFUND STATEMENT,” stating the Account’s number and the Account’s balance, $22,938.87, as of August 8, 2005.  The Unifund Statement also includes the following information:

Citibank (South Dakota) National Association’s account was issued under the name of Citibank Universal Card Svcs.  Unifund CCR Partners purchased this account from Citibank (South Dakota) National Association. . . . This communication is from a debt collector.  Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose.

Appellee filed its petition on October 20, 2005.

The admissions and the Unifund Statement, acknowledged as true and correct in Admissions 23 and 24, establish the following facts: that Appellant had a contract with a credit card company with a contractual interest rate of at least 18% per year, that she ran up a sizable debt by purchasing goods and services with the credit card, and that she was aware she would have to repay the amount spent; that Appellant did make payments on the Account, received monthly statements showing the remaining balance on the Account and required minimum payment, and never notified Appellee or Citibank of a dispute or error regarding the information in the monthly statement (Admissions 1, 2, 4, 5, 6, 7, 8, 9, 10, 22); that Appellant breached her contract with Appellee or Appellee’s predecessor in interest, the credit card company (Admission 13); that Appellee acquired the credit card company’s interest in Appellant’s debt, and that Appellee made a demand on Appellant prior to filing suit for payment of that debt for damages in the amount of $23,596.60 (Admissions 3, 14, 15, 16).  Appellant also admitted that she was not in the military and had no other defense to the suit, such that “judgment should be granted as prayed for” (Admissions 19, 20).
(footnote: 7) 

However, the admissions also create some fact issues.  Admissions 17 and 28 appear to contradict each other, stating both that Appellant never requested verification of the debt prior to the filing of the suit and that if Appellant requested verification, Appellee verified the debt prior to filing the suit.  More importantly, Admissions 11 and 12 also contradict each other, in that Admission 11 admits that Appellant “presently owes” Appellee the amount of $23,596.60 but Admission 12 admits that the attached statement accurately states the amount of money that Appellant “owes” to Appellee and that statement indicates that Appellant owes $22,938.87.  There is nothing in these admissions to account for interest accrued; on their face, both written in present tense, they merely present differing amounts.  Admission 14 states that Appellant’s breach damaged Appellee in the amount of $23,596.60, the amount Appellee pled in the body of its petition.  Based on Admission 14, this is the amount of damages to which Appellee is entitled; however, the trial court awarded only $22,938.87, without explanation.

The court in 
Garcia
 faced a similar situation with regard to contradictory admissions.  108 S.W.3d at 466.  There, each of Garcia’s requests for admissions was paired with its opposite, conclusively establishing every proposition and its opposite.  
Id
.  The court held that when all of the requests for admissions were deemed admitted, they 
created
 fact questions rather than resolving them, that Garcia could not avoid the conflict by relying on only half of his requests, and that summary judgment could not be sustained based on those requests or the remaining evidence submitted in support of his motion.  
Id
. at 466-67.  The conflicting admissions in this case pose the same dilemma. We therefore review the remainder of Appellee’s evidence to determine whether there is sufficient evidence in the record to support the trial court’s award of $22,938.87 rather than the amount of damages in Admission 14, and for its award of 29.74% interest.
(footnote: 8)
Affidavits

In her response to Appellee’s motion for summary judgment, Appellant made objections to the Freckman and Kenney affidavits, but not to the Rogers affidavit.  On appeal, Appellant argues that all three affidavits suffer from defects of substance.  
See Brown v. Brown
, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied); 
Green v. Indust. Speciality Contractors, Inc
., 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Freckman’s And Rogers’ Affidavits

Assuming, without deciding, that the Freckman and Rogers affidavits did constitute competent summary judgment evidence, there was not sufficient support in these affidavits for the trial court to award $22,938.87 or to award interest of 29.74%.

Freckman’s affidavit incorporated Exhibit D by reference.  Freckman stated that Exhibit D was “a true and correct copy of the Citibank Card Agreement, . . . the written contract entered into by [Appellant] with the original creditor for use of the Account.”  In spite of some glaring defects in admissibility,
(footnote: 9) we note that even if Exhibit D were admissible, it would not solve the interest rate issue because although Exhibit D does contain the interest rate that a cardholder in default would be required to pay, the interest rate it lists is 23.9% per year, not 29.74%.
(footnote: 10)  Freckman asserted in her affidavit that the “total amount due on the Account” at the time she filed her affidavit, August 10, 2006, was $14,162.08; she did mention interest, but not the rate at which it should be charged.

Rogers, an employee of Citicorp Credit Services, Inc. (CCSI), stated that Citibank (South Dakota) N.A. (“CBSD”) and Citibank USA, N.A. (“CBUSA”), pursuant to a Purchase and Sale Agreement with Appellee, sold Appellant’s account to Appellee on May 27, 2005, and that, at the time of the sale, Appellant owed $14,162.08 on the Account.  There is no information in Rogers’ affidavit about the amount of interest owed by Appellant or the rate at which it would be calculated.

Kenney’s Affidavit

Appellant objected to Kenney’s affidavit on the basis of lack of personal knowledge and lack of trustworthiness.  She specifically complains about Kenney’s statement with regard to the applicable rate of interest on the account.

Affidavits in support of summary judgment must set forth such facts as would be admissible in evidence at trial.  
Tex. R. Civ. P. 
166a(f); 
United Blood Servs. v. Longoria
, 938 S.W.2d 29, 30 (Tex. 1997); 
Abe’s Colony Club, Inc. v. C&W Underwriters, Inc
., 852 S.W.2d 86, 88 (Tex. App.—Fort Worth 1993, writ denied).  Affidavits are competent summary judgment evidence if they are made on personal knowledge and show affirmatively that the affiant is competent to testify to the matters stated therein.  
See Brownlee v. Brownlee
, 665 S.W.2d 111, 112 (Tex. 1984); 
Abe’s Colony Club, Inc
., 852 S.W.2d at 88.  An affidavit that is conclusory is substantively defective.  
See Brown
, 145 S.W.3d at 751. 
 A conclusory statement is one that does not provide the underlying facts to support the conclusion.  
Trejo v. Laredo Nat'l Bank
, 185 S.W.3d 43, 50 (Tex. App.—San Antonio 2005, no pet.)
; 
Brown
, 145 S.W.3d at 751.  When an affidavit in a summary judgment proceeding refers to other papers, sworn or certified copies of those papers must be attached to the affidavit.  
Tex. R. Civ. P
. 166a(f); 
Brown
, 145 S.W.3d at 752.  An affidavit is substantively defective when the absence of the referenced papers from the summary judgment evidence leaves the affidavit conclusory. 
 Brown
, 145 S.W.3d at 752.

We review a trial court’s decision to admit summary judgment evidence under an abuse of discretion standard.  
Owens-Corning Fiberglas Corp. v. Malone
, 972 S.W.2d 35, 43 (Tex. 1998); 
Longoria
, 938 S.W.2d at 30.  The standards for the admissibility of evidence in a summary judgment proceeding are the same as those applicable to a regular trial.  
Longoria
, 938 S.W.2d at 30.  In an abuse of discretion review, we consider whether the trial court acted arbitrarily or unreasonably, or without reference to guiding rules and principles.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied, 
476 U.S. 1159 (1986).

The Kenney affidavit, as argued by Appellant, is substantively defective on its face.  Kenney stated in her affidavit, dated August 8, 2005, that she was Appellee’s Media Supervisor and authorized to make the statements and representations in the affidavit.  The pertinent portion of her affidavit states: 

There is due and payable from [Appellant, Account], the amount of $22,938.87 (principal balance in the amount of $14162.08 plus interest up through 08/08/2005 in the amount of $8776.79).  
By the terms of the agreement between [Appellant] and the original creditor
, interest is accruing from the aforesaid date at the rate of 29.74 percent per annum.  This balance reflects any payments, credits, or offsets made since the account was charged off. [Emphasis added.]

Kenney did not state the factual basis for these statements or attach to her affidavit a certified or sworn copy of the agreement between Appellant and the original creditor.  We hold that Kenney’s affidavit did not constitute proper summary judgment evidence because of these substantive defects and that the trial court abused its discretion by overruling Appellant’s objection to it.  
See 
Tex. R. Civ. P. 
166a(f); 
Trejo
, 185 S.W.3d at 50; 
Brown
, 145 S.W.3d at 751-52. 

Summary Of Evidence Of Damages

There is a genuine issue of material fact with regard to the actual amount owed by Appellant: Admission 11 states that Appellant owes $23,596.60; Admission 12 indicates that Appellant owes $22,938.87; Kenney’s affidavit, which the trial court should not have properly considered, states that Appellant owes $22,938.87; Freckman’s affidavit and Rogers’ affidavit both state that Appellant owes $14,162.08.  There is also a genuine issue of material fact with regard to the interest rate to be charged Appellant: other than Kenney’s defective affidavit, there is no evidence, admissible or otherwise, to support the 29.74% interest rate awarded in the summary judgment.  Therefore, resolving all doubts against Appellee, we hold that it failed to meet its summary judgment burden on damages.  
See 
Tex. R. Civ. P. 
166a(c); 
Sw. Elec. Power Co.
, 73 S.W.3d at 215. 

Attorney’s Fees

Appellant also complains that it was error for the trial court to award any attorney’s fees to Appellee.  The fundamental rule is that a party cannot recover attorney’s fees from an opposing party unless the recovery is permitted by statute or by agreement between the parties.  
Holland v. Wal-Mart Stores, Inc.
, 1 S.W.3d 91, 95 (Tex. 1999).  Although Admission 21 (“At least [sic] should be awarded to [Appellee] as attorney’s fees in this suit”) is an incomplete statement proving nothing, Appellee did request reasonable attorney’s fees “pursuant to the terms of the agreement and the provisions of Chapter 38” of the civil practice and remedies code.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 38.001 (Vernon 1997).  
To be entitled to attorney’s fees, Appellee had to prevail on its summary judgment claim.  
See Grace v. Duke
, 54 S.W.3d 338, 344 (Tex. App.—Austin 2001, pet. denied).  Appellee did establish by admission that Appellant breached a contract and owed damages, but the fact questions presented with regard to the actual amount of damages preclude Appellee from prevailing on its claim on summary judgment and thus being entitled, at this time, to attorney’s fees.  
See Grace
, 54 S.W.3d at 344.

CONCLUSION

We reverse the trial court’s judgment and remand this case to the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The parties later signed a rule 11 agreement that withdrew Appellee’s requests for disclosure.  
See 
Tex. R. Civ. P.
 11.

3:
Appellant did respond to Appellee’s second request for admissions;  Appellee attached these responses to its motion for summary judgment.

4:
Appellant also attempted to raise the affirmative defenses of limitations and statute of frauds, asserted that she had no contractual relationship with Appellee, and claimed that Appellee had violated federal and Texas law in its attempt to collect the debt. 
 Appellant did not verify by affidavit her contentions with regard to her denial that she executed any instrument in writing upon which Appellee’s claims were based or with regard to her denial of indebtedness to Appellee.  
See
 
Tex. R. Civ. P. 
93(7), (10).

5:
At what would have otherwise been the hearing on the motion for summary judgment, the trial court heard Appellant’s argument for allowing a late-filed response and decided to allow it.  The trial court announced that it would subsequently consider everything on submission.

6:
To support her contentions, Appellant relies on 
Marshall v. Vise
, 767 S.W.2d 699 (Tex. 1989) and 
Houston First Am. Sav. v. Musick
, 650 S.W.2d 764 (Tex. 1983).  
Marshall
 holds that a party relying upon an 
opponent’s
 
pleadings
 as judicial admissions of fact must protect the record by objecting at trial to the introduction of controverting evidence and to the submission of any issue bearing on the facts admitted, or he waives the right to rely on them.  767 S.W.2d at 700 (citing 
Musick
, 650 S.W.2d at 769).

Our sister courts have disputed whether 
Marshall
 is limited to trial situations.  
Compare Acevedo
, 131 S.W.3d at 105 n.3 (stating that a summary judgment hearing is considered a “trial” for purposes of amended pleadings under Texas Rule of Civil Procedure 63; therefore, the court could “conceive of no reason it would not be considered a ‘trial’ for purposes of the 
Marshall
 rule”) 
with Beasley v. Burns
, 7 S.W.3d 768, 770 (Tex. App.—Texarkana 1999, pet. denied) (stating that the 
Marshall
 rule does not apply to summary judgment).

7:
Appellee prayed for “judgment for the amount due, with interest”; for interest at the maximum rate per annum allowed by law, whether contractual or statutory; for all costs of court; for “reasonable attorney’s fees, with interest”; and all other relief to which it “may be shown to be justly entitled.” The amount sought in the petition was $23,596.60.

8:
Appellee proved up through the admissions that interest was at least 18% per year.

9:
For example, these defects include: 
inaccurate use of the predicate language in rules 803(6) and 902(10); failure to demonstrate that Freckman checked the accuracy of the records Appellee acquired from its predecessor in interest; and the fact that the dates of the component parts of the contract were at least three years prior to acquisition by Appellee.  
See
 
Tex. R. Evid. 
803(6), 902(10); 
Tex. R. Civ. P. 
166a(f); 
Duncan Dev., Inc. v. Haney
, 634 S.W.2d 811, 812-13 (Tex. 1982) (holding that subcontractor’s invoices became integral part of builder’s records where builder’s employees’ regular responsibilities required them to verify subcontractors’ performance and accuracy of the invoices); 
Cockrell v. Republic Mortg. Ins. Co.
, 817 S.W.2d 106, 112-13 (Tex. App.—Dallas 1991, no writ) (holding that verification by documents’ original owners was unnecessary when the persons with knowledge “swore that these records were kept in the regular course of their own business as a mortgage insurer and formed the basis of its payment” to the company that actually generated the records); 
cf. Winchek v. American Exp. Travel Related Servs. Co.
, No. 01-06-00392-CV, 2007 WL 1440987, at *1, *4-5, *7 (Tex. App.—Houston [1sDist.] May 17, 2007, no pet. h.) (holding that affidavit of credit card manager of operations and custodian of records was sufficient to support attached credit card agreement and billing statements). 

10:
The last page of the contract attached to Freckman’s affidavit, titled “Notice of Changes in Terms to Your Card Agreement,” states that the cardholder’s annual percentage rate for purchases as of July 1, 2002 was 9.74%.