

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00246-CV

**LARRY HOWARD,**

                                                        **Appellant**

 **v.**

**WAL-MART, PAMELA PANELL,**
**TEDDY MERTYNIUK, AND MARGIE BOLIN,**

                                                        **Appellees**

<br>

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court No. CV11207**

## MEMORANDUM  OPINION

Larry Howard filed a *pro se* lawsuit against Wal-Mart and several Wal-Mart employees (collectively, Wal-Mart) alleging liability under theories of negligence and strict products liability for damages he allegedly suffered in an accident when the right rear tire on his pickup separated from the rim.  Wal-Mart filed a summary-judgment

motion which the trial court granted. Howard challenges the court's ruling.[1] We will affirm.

## Background

Howard alleges in his amended petition that he had his Sonoma pickup serviced at Wal-Mart. He claims that the service was performed negligently and that he was "miss informed" about two tires he purchased. He alleges that the right rear Goodyear tire on his pickup separated from the rim as he was driving on Farm to Market Road 2005 south of Hamilton a few weeks later. He claims that his damages were proximately caused by the negligence of Wal-Mart and its employees because they:

(1) they failed to exercise proper care in performing their duties by: (a) using the wrong windshield washer fluid, (b) selling the wrong size tires, and (c) causing the fuel pump to "go out";

(2) they failed to maintain "safety conditions";

(3) they "failed to use reasonable care, caution and prudence under the circumstances"; and

(4) they failed to "properly perform their duties."

He alleges that Wal-Mart and its managers failed to properly supervise "their agents and employees."

Howard's amended petition also quotes two statutory definitions from Chapter 82 of the Civil Practice and Remedies Code which governs products liability actions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(2), (3) (Vernon 2005) (defining "products liability action" and "seller").

---

[1]     Howard does not present traditional "points of error" or specific "issues" in his brief. Nevertheless, it is clear from the brief that he contends Wal-Mart was not entitled to summary judgment on either of his theories of liability.

Wal-Mart filed a summary-judgment motion raising both traditional and no-evidence grounds. Wal-Mart notes in the second paragraph of the motion that "[i]t is difficult to discern from Plaintiff's pleadings as to exactly what his allegations are." It construed Howard's petition to allege claims of negligence and strict products liability.[2]

Howard responded with a motion to "quish" Wal-Mart's summary-judgment motion. We construe this as a response to the motion. In this response, Howard made numerous factual assertions regarding his dealings with Wal-Mart, but he did not support these assertions with competent, admissible summary-judgment evidence. At most, he supported the response with excerpts from service manager Pamela Pannell's deposition testimony, which he attached in toto to the response. Regarding tire services he obtained from Wal-Mart,[3] he focused on Pannell's testimony that Wal-Mart sold him two loose tires in November 2005 which were mounted on rims he already had in the back of the pickup. Pannell testified that Wal-Mart did not, however, mount the new tires on his pickup.

The trial court granted the motion without specifying the basis for its ruling.

**Standards of Review**

In reviewing a traditional summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the

---

[2]    Howard does not dispute Wal-Mart's characterization of his claims, and we address them accordingly.

[3]    As previously mentioned, Howard also complains in this suit that Wal-Mart used the wrong windshield washer fluid and caused his fuel pump to go out. However, he does not explain how either of these alleged acts or omissions caused or contributed to the tire failure which he claims caused the accident.

evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822-24 (Tex. 2005)). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *See Goodyear Tire*, 236 S.W.3d at 756 (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *Spates*, 186 S.W.3d at 568).

We apply the same standard in reviewing a no-evidence summary judgment as we would in reviewing a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* at 582. "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i).

## Negligence

To prevail on his negligence claim, Howard must prove that (1) Wal-Mart owed him a legal duty, (2) breached that duty, and (3) that breach proximately caused his damages. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

Wal-Mart challenged the second element of Howard's negligence claim in the traditional portion of its summary-judgment motion. It relied on Howard's deposition testimony and the pleadings as summary-judgment evidence. In his deposition,

Howard testified that the two tires he was "miss informed" about were not on his pickup at the time of the accident.[4] In fact, Pannell testified that Wal-Mart did not mount these particular tires on his pickup. Howard later went to a tire company where those two tires were removed, the two front tires were moved to the rear of the pickup, and two "spare tires" were put on the front. He testified that the two tires which were moved to the rear had also been purchased from Wal-Mart and were still under warranty.[5] A mechanic at the tire company inspected the tires and saw no problem with them. Based on this evidence, Wal-Mart claimed that it was entitled to summary judgment on the breach-of-duty element.

Wal-Mart at a minimum owed Howard a duty of reasonable care when installing tires on his pickup or performing any other maintenance or repairs. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837-38 (Tex. 2000) ("a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation") (citing *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 120 (Tex. 1976); RESTATEMENT (SECOND) OF TORTS § 323 (1965)) (other citations omitted).

Viewing the evidence in the light most favorable to Howard, Wal-Mart installed the tire at issue on his pickup in September 2004. Howard reported no difficulties with this tire until more than a year later after a third party mounted the tire on the rear of the pickup. The accident occurred when the tire separated from the rim. However, the

---

[4]     These were the two tires Pannell testified that Howard purchased in November 2005.

[5]     According to a receipt attached as an exhibit to Pannell's deposition testimony, Howard purchased these two tires in September 2004. The receipt indicates that Wal-Mart mounted these new tires on the rear of the pickup.

summary-judgment record is silent regarding any failure by Wal-Mart to exercise reasonable care in mounting this tire.

Though he does not use this term, Howard in effect relies on the doctrine of *res ipsa loquitur* to establish that Wal-Mart breached its duty of reasonable care. "*Res ipsa loquitur*, meaning 'the thing speaks for itself,' is used 'in certain *limited* types of cases when the circumstances surrounding the accident constitute sufficient evidence of the defendant's negligence to support such a finding.'" *Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 47 (Tex. App.—San Antonio 2005, no pet.) (quoting *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990)).

> Although the possibility of other causes does not have to be completely eliminated, their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door. Thus, the occurrence of an accident is not of itself evidence of negligence. The doctrine of *res ispa loquitur* applies only where the instrumentalities causing the injury are shown to have been wholly in the care of the defendant and not to have been meddled with by the person injured or third parties.

*Id.* (citing *Graham v. Fed-X, Inc.*, 384 S.W.2d 785, 786-87 (Tex. Civ. App.—Fort Worth 1964, writ ref'd n.r.e.)) (other citation omitted).

Here, the summary-judgment record contains no affirmative evidence that Wal-Mart failed to exercise ordinary care when it installed the tire at issue. The accident itself is not evidence that Wal-Mart failed to exercise reasonable care because a third party "meddled" with the tire. *See id.* Thus, Wal-Mart conclusively established that it was entitled to summary judgment on the breach-of-duty element.

**Strict Products Liability**

Howard's amended petition arguably pleads a cause of action for strict products liability. Wal-Mart relied on section 82.003 of the Civil Practice and Remedies Code as the basis for a no-evidence summary judgment motion on this claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (Vernon Supp. 2010). Under section 82.003(a), a seller that did not manufacture a product is not liable for damages caused by that product unless a plaintiff can establish one of seven exceptions. *Id.* § 82.003(a).

Wal-Mart alleged that Howard could produce no summary-judgment evidence that any of these exceptions applied. Howard responded that he had "presented more than a scintilla of evidence" to establish the exceptions set forth in subdivisions (3) through (7). However, Howard did not refer to any evidence in the summary-judgment record supporting any of these exceptions. His conclusory statement that he had presented such evidence does not constitute the production of summary-judgment evidence required by Rule 166a(i).

Howard produced no summary-judgment evidence raising a fact issue regarding whether any of the exceptions listed in section 82.003(a) applied. Therefore, the trial court properly granted Wal-Mart's no-evidence motion for summary judgment on Howard's strict products liability claim. *See* TEX. R. CIV. P. 166a(i).

We affirm the judgment.


                                              FELIPE REYNA
                                              Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
       (Chief Justice Gray concurs in the judgment.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed September 29, 2010
[CV06]