# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00825-CV

**Wesley Spears and Renee Jacobs, Appellants**

**v.**

**Falcon Pointe Community Homeowners' Association, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-13-010214, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wesley Spears and Renee Jacobs (the Homeowners) appeal from the trial court's order granting summary judgment in favor of Falcon Pointe Community Homeowners' Association (the HOA) and awarding the HOA $56,364.50 in attorney's fees.[1]  In two issues, the Homeowners contend that the trial court abused its discretion in denying their motion titled "Plaintiffs Hereby, Moves that the Court Establish a Docket Control Order, after Remand, from the Third District Court of Appeals, and to Grant the Plaintiffs a Continuance to Conduct Discovery in Order to Respond to Defendant's Second Motion for Summary Judgment, if it is not Dismissed as being Beyond the Mandate of the Third District Court of Appeals" (Motion for Continuance) and that the trial court erred in granting the HOA's motion for summary judgment.  We will affirm the trial court's final summary judgment.

---

[1] Spears, a licensed attorney, represented himself and his wife Jacobs both in the trial court and in this Court.

BACKGROUND

This case involves a dispute over fines that the HOA assessed against the Homeowners in connection with the construction of a privacy screen. *See Spears v. Falcon Pointe Cmty. Homeowner's Ass'n*, No. 03-14-00650-CV, 2016 WL 1756486, at *1 (Tex. App.—Austin Apr. 28, 2016, no pet.) (mem. op.) (*Spears I*). The Homeowners sued the HOA, and the parties filed competing motions for summary judgment. *See id.* at *2. The trial court denied the Homeowners' motion, granted the HOA's motion, and rendered judgment dismissing the Homeowners' claims with prejudice and awarding the HOA attorney's fees and costs. *See id.*

The Homeowners appealed, and, in *Spears I*, this Court reversed the trial court's summary judgment in favor of the HOA on the Homeowners' claim for a declaration that the violation notices issued by the HOA were defective, because the first violation notice was not in the record before us. *See id.* at *4, *6. This Court also reversed the award of attorney's fees and court costs and remanded that issue to the trial court, explaining that "we express no opinion on whether the HOA is still entitled to attorney's fees and court costs given that the HOA remains the prevailing party on most of the Homeowners' claims for declaratory judgment." *Id.* at *6 n.12. We affirmed the trial court's summary judgment in all other respects. *See id.* at *6.

On remand, the HOA filed a second, traditional motion for summary judgment, arguing, among other things, that the case was moot because the Homeowners' fines had been paid. The HOA attached a copy of the first violation notice to the motion along with an affidavit by the HOA's community association manager averring that "all fines and fees [the HOA] imposed on Wesley Spears and Renee Jacobs have been paid in full." On November 14, 2016, the Homeowners

filed their Motion for Continuance. The trial court held a hearing on the motion on November 22, which Spears attended. At the conclusion of the hearing, the court took the Motion for Continuance under advisement. On November 23, the trial court signed an order denying the Motion for Continuance.

On November 25, the Homeowners filed a response to the HOA's motion for summary judgment, to which they attached an affidavit by Spears averring that he "specifically swears based on his personal knowledge and belief that neither one of the plaintiffs' [sic] or any third party paid the subject fine that was assessed by the defendant against the plaintiffs, as alleged in defendant's Second Motion for Summary Judgment." The trial court held a hearing on the HOA's motion for summary judgment on November 28. The Homeowners did not attend the hearing. At the conclusion of the hearing, the trial court signed a final summary judgment dismissing the Homeowners' claims and awarding attorney's fees to the HOA. This appeal followed.

## DISCUSSION

### Motion for Continuance

In their first issue, the Homeowners contend that the trial court abused its discretion in denying their Motion for Continuance. We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Muller v. Stewart Title Guar. Co.*, No. 14-16-00311-CV, 2017 WL 2656550, at *4 (Tex. App.—Houston [14th Dist.] June 20, 2017, no pet.). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Joe*, 145 S.W.3d at 161.

"Under Texas law, when a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file in the trial court either an affidavit explaining the need for further discovery or a verified motion for continuance." *Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 840 (Tex. App.—Austin 2007, no pet.); *see* Tex. R. Civ. P. 166a(g), 252; *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 579 (Tex. App.—El Paso 2017, pet. denied) ("Chico . . . failed to verify its motion for continuance or to file an affidavit in support of its request for a continuance. This failure creates a presumption that a trial court did not abuse its discretion in denying the motion for continuance.") (citations omitted).

Here, the Homeowners did not verify their motion for continuance or file an affidavit in support of their motion. Moreover, although the motion asserts that the Homeowners require additional discovery, the motion provides few details as to the nature of that discovery. *See* Tex. R. Civ. P. 252 (requiring specific contents in motion for continuance). The motion first complains about the difficulty the Homeowners had in obtaining a copy of the first violation notice. However, as the motion itself recognizes, the HOA had attached a copy of the first violation notice to their second motion for summary judgment. Therefore, the Homeowners did not need additional discovery to obtain the notice. The motion next complains that the HOA raised "new theories of defense" on remand. Specifically, the motion complains that the HOA was arguing for the first time that the case was moot because the Homeowners' fines and fees had been paid. However, while the motion asserts that the Homeowners require additional discovery "to implead any responsible third party" and "to file a Third Party Complaint against this mysterious third party [who paid the

4

fines], if there is one," the motion does not explain how additional discovery could have affected the court's mootness analysis. As discussed below, if the HOA is no longer pursuing fines against the Homeowners, the case is moot. Finally, the Homeowners complain that they are not available for the summary-judgment hearing "because of Thanksgiving plans." But trial courts have broad discretion in managing their dockets, and not every vacation request need be accommodated. *See Banker v. Banker*, 517 S.W.3d 863, 877 (Tex. App.—Corpus Christi 2017, pet. denied) ("[I]t has been widely held that every trial court has the inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted); *Ho v. University of Tex. at Arlington*, 984 S.W.2d 672, 693–94 (Tex. App.—Amarillo 1998, pet. denied) ("Along with other inherent powers and duties, a trial court is given wide discretion in managing its docket.").

For all of these reasons, we cannot conclude that the trial court abused its discretion in denying the Motion for Continuance, and we therefore overrule the Homeowners' first issue.

**Summary Judgment**

In their second issue, the Homeowners contend that the trial court erred in granting the HOA's traditional motion for summary judgment. We review a trial court's ruling on a motion for summary judgment de novo. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). Traditional summary judgment is proper only if the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We may affirm the trial court's grant of summary judgment on any ground raised in a summary-judgment

motion and preserved for our review. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

Here, the trial court's final summary judgment declared "that [the Homeowners'] remaining claims are moot, lack merit, and are dismissed with prejudice." We agree that the Homeowners' claims are moot, and thus we need not consider their merits. Although the Homeowners contend that the HOA waived its mootness argument, mootness cannot be waived because it implicates a court's subject-matter jurisdiction:

> Just as the Texas Constitution bars our courts from deciding a case when the plaintiff lacks standing, similarly, a court cannot not decide a case that has become moot during the pendency of the litigation. A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer "live," or if the parties lack a legally cognizable interest in the outcome. Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests.

*Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) (footnotes omitted); *see Newman v. Bailey Square Surgical Ctr., Ltd.*, No. 03-17-00200-CV, 2017 WL 3897315, at *2 (Tex. App.—Austin Aug. 22, 2017, no pet. h.) (mem. op.) ("[I]f a justiciable controversy ceases while a case is on appeal, the case is moot and the appellate court lacks subject-matter jurisdiction to act on the merits.") (quoting *Texas Quarter Horse Ass'n v. American Legion Dep't of Tex.*, 496 S.W.3d 175, 180–81 (Tex. App.—Austin 2016, no pet.)).

The HOA attached to its summary-judgment motion an affidavit by the HOA's community association manager averring that "all fines and fees [the HOA] imposed on Wesley Spears and Renee Jacobs have been paid in full." The HOA also attached documents to the affidavit

showing that the Homeowners owe an outstanding balance of "[$]0.00." The propriety of the fines imposed on the Homeowners was the sole remaining substantive issue on remand. *See Spears I*, 2016 WL 1756486, at *6. Indeed, the fines were the heart of this case all along. *See id.* at *5 ("[T]he real controversy between the parties concerned whether the Homeowners' privacy screen violated HOA rules and whether the HOA could lawfully fine the Homeowners for the violation."). Because the HOA has received payment for the fines and no longer seeks to recover any money from the Homeowners, no justiciable controversy between the parties remains.[2]

The Homeowners dispute the fact that the fines were paid. They attached an affidavit by Spears to their response to the HOA's summary-judgment motion, in which Spears "specifically swears based on his personal knowledge and belief that neither one of the plaintiffs' [sic] or any third party paid the subject fine that was assessed by the defendant against the plaintiffs, as alleged in defendant's Second Motion for Summary Judgment." However, there are at least two reasons why this affidavit does not create a fact question that would defeat summary judgment. First, it is conclusory:

> To avoid being conclusory, an affidavit must contain specific factual bases, admissible in evidence and upon which conclusions are drawn. Merely reciting that an affidavit is made on personal knowledge is insufficient. Instead, the affidavit must go further and disclose the basis on which the affiant has personal knowledge of the facts asserted.

---

[2] The Homeowners argue that this case is not moot because this Court "could simpl[y] Order the fine if paid at all, be returned to whoever paid it." However, the Homeowners deny paying the fines, and any third party that may have paid the fines is not part of this litigation. In addition, nothing in the record before us indicates that whoever paid the fines did so under protest. Therefore, any justiciable controversy that may exist between an anonymous third party and the HOA is not before us.

7

*Carnegie Homes & Constr. LLC v. Turk*, No. 14-16-00260-CV, 2017 WL 3927290, at *6 (Tex. App.—Houston [14th Dist.] Sept. 7, 2017, no pet. h.) (mem. op.) (citations and quotation marks omitted); *see* Tex. R. Civ. P. 166a(f) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 701 (Tex. App.—Austin 2005, no pet.) ("Because the affidavit does not indicate how Harrington made the assessment that the fire truck did not use its brakes at all when entering the intersection, we agree that the conclusory statement is not competent summary judgment evidence and strike it.") (citing *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)). In particular, the affidavit does not explain how Spears could know that *no one* paid the fines on the Homeowners' behalf or that the HOA had not merely forgiven any fines the Homeowners owed. Without such an explanation, the affidavit is conclusory and is not competent summary-judgment evidence. *See Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 50 (Tex. App.—San Antonio 2005, no pet.) ("Conclusory affidavits do not raise fact issues."); *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions.") (quotation marks omitted).

Second, the Homeowners filed Spears's affidavit, which was attached to their response to the HOA's summary-judgment motion, in the trial court on November 25, less than seven days before the scheduled hearing on the HOA's motion. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file

8

and serve opposing affidavits or other written response."). Nothing in the record before us indicates that the trial court gave the Homeowners leave to file their response and affidavit less than seven days before the hearing. Indeed, nothing in the record indicates that the Homeowners asked for leave to file an untimely response. In addition, at the summary-judgment hearing, which the Homeowners did not attend, the trial court noted that the Homeowners' response was untimely. Therefore, the untimely response and affidavit were not competent summary-judgment evidence.

Because the HOA established that the Homeowners owe no fines or fees to the HOA and that this case is moot, and because the Homeowners produced no competent summary-judgment evidence raising a fact question concerning mootness, we conclude that the trial court did not err in granting the HOA's motion for summary judgment. Accordingly, we overrule the Homeowners' second issue.[3]

## CONCLUSION

We affirm the trial court's final summary judgment.

---

[3] The only mention of attorney's fees in the Homeowners' appellate brief occurs in the following sentence: "Appellants should be [sic] denied there [sic] cause of action because some phantom third party allegedly paid their fine and ordered to pay $55,000 in attorneys' fees." To the extent the Homeowners challenge the award of fees as a distinct issue, they have waived this issue by inadequately briefing it. *See* Tex. R. App. P. 38.1(i). Moreover, we made it clear in *Spears I* that we were expressing "no opinion on whether the HOA is still entitled to attorney's fees and court costs given that the HOA remains the prevailing party on most of the Homeowners' claims for declaratory judgment" and that we were merely remanding the issue of attorney's fees "to the trial court for reconsideration in light of our ruling." *Spears v. Falcon Pointe Cmty. Homeowner's Ass'n*, No. 03-14-00650-CV, 2016 WL 1756486, at *6 n.12 (Tex. App.—Austin Apr. 28, 2016, no pet.) (mem. op.). In light of the fact that the HOA prevailed on all of the Homeowners' claims that did not become moot and supported its fees with affidavits by the HOA's attorney, we conclude that the trial court did not abuse its discretion in awarding fees, even assuming the Homeowners did not waive this issue.

9

_____

Scott K. Field, Justice

Before Justices Puryear, Field, and Bourland

Affirmed

Filed: October 17, 2017