

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00712-CV

Luis **BATRES** and Nelda Ojeda-Batres,
Individually and as Parents and Next Friend of Brandon Batres, Deceased,
Appellants

v.

### ALAMO CITY HARLEY DAVIDSON, INC.
a/k/a Cowboy Motorsports of San Antonio, LLC d/b/a Alamo City Harley Davidson/Buel,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-15792
The Honorable Renée Yanta, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed:  January 17, 2018

AFFIRMED

Luis Batres and Nelda Ojeda-Batres, individually and as parents and next friend of Brandon

Batres, deceased, appeal the trial court's order granting summary judgment in favor of Alamo City

Harley Davidson, Inc. a/k/a Cowboy Motorsports of San Antonio, LLC d/b/a Alamo City Harley

Davidson/Buel ("ACHD").  The Batreses contend the trial court erred in granting ACHD's motion

for summary judgment and in denying their motion for continuance.  We affirm the trial court's

order.

**BACKGROUND**

On December 11, 2013, Brandon Batres lost control of his motorcycle while driving on a highway. Brandon was thrown from the motorcycle and died at the scene after being struck by three vehicles. The police department's accident report stated Brandon lost control "for an unknown reason."

The Batreses sued ACHD alleging numerous causes of action primarily relating to allegations that ACHD failed to properly repair the motorcycle. Brandon took the motorcycle to ACHD for repairs in September of 2013, after he lost control of the motorcycle at a stop light and damaged the motorcycle. The work order for those repairs noted that Brandon expressed a concern about the front brake locking up. The Batreses alleged ACHD failed to repair that problem, and Brandon lost control of the motorcycle in the December accident because the front brake locked up.

ACHD moved for a no evidence and traditional motion for summary judgment on all of the Batreses' claims. The Batreses filed numerous responses and supplemental responses to the motion, and ACHD filed objections to some of the evidence the Batreses attached to their responses. One of the objections related to the timeliness of some of the evidence because the evidence was filed less than seven days before the summary judgment hearing. In response to that objection, the Batreses filed a motion seeking leave of court to file the late evidence, or, in the alternative, a continuance so the evidence could be considered by the trial court.

After a hearing, the trial court granted the Batreses' motion for leave to file the late evidence, sustained some of ACHD's objections to the Batreses' summary judgment evidence, and granted ACHD's no evidence and traditional motion. The Batreses appeal.

**STANDARD OF REVIEW**

We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see also Hansen*, 525 S.W.3d at 681. "A [no evidence] motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent [fails to produce more than a scintilla of] summary judgment evidence raising a genuine issue of material fact on those elements." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). Whether reviewing a traditional or no evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).

"Where, as here, a trial court does not specify the grounds on which it granted the motion for summary judgment, we must affirm if any of the grounds asserted in the motion are meritorious." *Hansen*, 525 S.W.3d at 680. "Further, when the motion asserts both no-evidence and traditional grounds, we first review the no-evidence grounds." *Id*. "If the nonmovant fails to produce more than a scintilla of evidence on the essential elements of a cause of action challenged by a no-evidence motion, there is no need to analyze the movant's traditional grounds for summary judgment." *Id*. at 680-81.

**CLAIMS PRESENTED FOR REVIEW**

As previously noted, the Batreses alleged numerous causes of action against ACHD. In their brief, however, the Batreses only challenge the trial court's order granting summary judgment on their claim that ACHD negligently failed to repair the motorcycle and that negligence can be

inferred by applying the doctrine of res ipsa loquitor. Accordingly, we only address those claims. *See Flutobo, Inc. v. Holloway*, 419 S.W.3d 622, 638 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (addressing theory of liability the appellants briefed and holding theories of liability that were not briefed were waived).

### NEGLIGENT FAILURE TO REPAIR

In order to prevail on their negligent failure to repair claim, the Batreses were required to prove "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015). The Batreses alleged ACHD undertook to repair Brandon's motorcycle; therefore, it had a duty to exercise reasonable care in performing those services. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838-39 (Tex. 2000) (citing Restatement (Second) of Torts § 323). The Batreses further contend ACHD's failure to exercise reasonable care in repairing the motorcycle's front brake caused it to lock up resulting in Brandon's loss of control.

As previously noted, the evidence established ACHD performed repairs on Brandon's motorcycle in September of 2013, and the work order noted Brandon voiced a concern regarding the front brake locking up. In their no evidence motion for summary judgment, ACHD asserted there is no evidence that: (1) the front brake locked up on Brandon's motorcycle on the date of the accident; or (2) in the alternative, that the front brake locking up was the cause of the accident.

"An expert's failure to explain or adequately disprove alternative theories of causation makes his or her own theory speculative and conclusory." *Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 840 (Tex. 2010). If an expert fails to rule out alternative theories, the expert's testimony amounts to no evidence of causation. *See id.*; *Hess v. McLean Feedyard, Inc.*, 59 S.W.3d 679, 687 (Tex. App.—Amarillo 2000, pet. denied); *Martinez v. City of San Antonio*, 40 S.W.3d 587, 595 (Tex. App.—San Antonio 2001, pet. denied).

Attached to the Batreses' response to ACHD's no evidence motion were an affidavit and deposition testimony from Daniel R. Rodriguez, a motorcycle mechanic, who the Batreses retained as an expert witness. Rodriguez opined that ACHD failed to repair Brandon's motorcycle and testified that dirt collected on scuff marks on the front tire of Brandon's motorcycle established that the front brake locked up causing Brandon to lose control.[1] Rodriguez conceded, however, that a motorcycle's front brake can lock up due to operator error. And, Rodriguez did not rule out operator error as a cause for the front brake locking up. In his preliminary report, Rodriguez opined,

> There is no magic bullet, ie. [sic], that any one thing (brakes locking up) or anything else caused the accident, the forensic investigation evidence by the San Antonio Police Department may not support the "brakes locking up" and causing the accident. However, neither does the SAPD report pinpoint the "exact" cause of the accident.

In his deposition, Rodriguez testified as follows:

> Q. Right. And isn't it true that single-vehicle motorcycle accidents — in other words, where — where there's not another vehicle involved — the leading cause is, one, inexperience on the top of — part of the operator. True?
> A. Yes.
> Q. And, two, not knowing how to stop correctly. True?
> A. That's true.
>                                                         ***
> Q. . . . And do you know if the brakes were locked up by the operator in attempting to stop?
> A. That, I don't know. I was not there. I'm just going by the photo.
>                                                         ***
> Q. . . . Do you know if the bike operator locked up the wheels in attempting to make a panic stop?
> A. That, I cannot determine. I can just determine by what I see in the pictures.
> Q. All right. So you cannot say that the brakes locked up by themselves on the motorcycle. True?
> A. I don't think the brakes locked up by themselves. There would have to be some pressure applied to the master cylinder at the lever. But how much pressure. I don't know.

---

[1] We note ACHD challenged Rodriguez's qualifications because he was not an accident reconstructionist and did not undertake to reconstruct Brandon's accident. We also note ACHD's expert, an accident reconstructionist, opined that the front brake did not lock up.

Q. All right.
A. Or how much pressure was needed to lock up the wheel.
Q. And can a motorcycle lock up their brakes if they are making a panic move?
A. Yes. If they grab — grab it real hard, yes.

From the foregoing, it is clear that Rodriguez failed to rule out operator error as a cause of the brake allegedly locking up. Accordingly, because Rodriguez failed to rule out operator error as a cause of the accident, his opinion that ACHD's failure to repair the front brake was the cause of accident is speculative and conclusory and amounts to no evidence of causation. *Wal-Mart Stores, Inc.*, 313 S.W.3d at 840; *Hess*, 59 S.W.3d at 687; *Martinez*, 40 S.W.3d at 595.

### RES IPSA LOQUITUR

Having determined Rodriguez's testimony did not present a scintilla of evidence on the causation element of the Batreses' negligence claim, we turn to the Batreses contention that summary judgment was improperly granted based on the doctrine of res ipsa loquitur. Under that doctrine, the Batreses argue negligence can be inferred.

Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident is such that it would not ordinarily have occurred in the absence of negligence, and (2) the instrumentality which caused the injury is shown to have been under the management and control of the alleged wrongdoer. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990); *Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 47 (Tex. App.—San Antonio 2005, no pet.); *Aguilar v. Trujillo*, 162 S.W.3d 839, 850 (Tex. App.—El Paso 2005, pet. denied). "The effect of successfully invoking the *res ipsa* doctrine is that the plaintiff can survive no-evidence procedural challenges." *Aguilar*, 162 S.W.3d at 850.

In order to rely on the doctrine of res ipsa loquitur to defeat ACHD's no evidence motion, the Batreses were required to produce evidence on both the "type of accident" and "control"

factors. *Trejo*, 185 S.W.3d at 47. With regard to the "control" factor, "[t]he doctrine of *res ipsa loquitur* applies only where the instrumentalities causing the injury are shown to have been wholly in the care of the defendant and not to have been meddled with by the person injured or third parties." *Id*. at 48. "Although the possibility of other causes does not have to be completely eliminated, their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door." *Id*.

We reject the application of the doctrine of res ipsa loquitur in this case for the same reason we hold the Batreses failed to produce more than a scintilla of evidence on their negligent failure to repair claim. The evidence does not so reduce the possibility that operator error caused the accident that a jury could reasonably find the accident was caused by ACHD's failure to repair the front brake. *See id*.; *see also Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 743 (Tex. App.—Amarillo 1999, pet. denied) (holding res ipsa loquitur doctrine not applicable where plaintiff "failed to show that negligence by [the defendant], as opposed to his own negligence, was the most probable explanation of the crash"). The Batreses' first issue is overruled.

### CONTINUANCE

In their second issue, the Batreses contend the trial court erred in denying their motion for a continuance to supplement their expert's findings with a finding that he observed debris in the master cylinder after his deposition.

As previously noted, one of the objections ACHD made to the evidence attached to two of the Batreses' supplemental responses was that the evidence was not timely filed because the evidence was filed less than seven days before the summary judgment hearing. In response to that objection, the Batreses filed a motion seeking leave of court to file the late evidence, or, in the alternative, a continuance so the evidence could be considered by the trial court. The trial court granted the Batreses leave to file the late evidence and denied the Batreses' alternative request for

a continuance. Because the trial court granted the Batreses' request for leave of court to consider the late-filed evidence, the Batreses cannot complain on appeal that the trial court should have granted their alternative request for a continuance. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (noting "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested"); *Meredith v. Rose*, No. 05-15-00054-CV, 2016 WL 4205686, at \*7 (Tex. App.—Dallas Aug. 9, 2016, no pet.) (mem. op.) (holding trial court does not err in granting party relief requested).

In their brief, the Batreses appear to be complaining about the trial court striking the sentence in Rodriguez's supplemental affidavit stating, "My inspection also discovered dust particles in [the] master cylinder that fact can also cause the brakes to fail …." ACHD objected to the statement on the ground that it contradicted Rodriguez's deposition testimony and therefore constituted a sham affidavit. In response to ACHD's objection, the trial court struck the sentence. The Batreses motion for continuance did not seek a continuance in the event the trial court sustained ACHD's objections to their evidence but only in the event the trial court did not grant the Batreses' motion for leave to consider the late-filed evidence. Because the Batreses do not separately challenge the trial court's ruling on ACHD's objection, they have waived any complaint regarding that ruling.

## CONCLUSION

The trial court's order is affirmed.

Rebeca C. Martinez, Justice